HOWARD STORY, RESPONDENT, v. STUTZ FIRE ENGINE COMPANY, APPELLANT.

Submitted May 27, 1927—Decided October 17, 1927.

For the appellant, *Isaiah Matlack*.

For the respondent, *Joseph M. Turner*.

The opinion of the court was delivered by

WHITE, J.   This is an appeal from a judgment entered on a verdict directed in favor of the plaintiff (a salesman of the defendant manufacturing company) in a suit in the Supreme Court for the recovery of arrearages of the salesman's commission at the rate stipulated in his written contract with the defendant on sales (fire engines) made by him, which arrearages resulted because the defendant company before calculating this commission always deducted from the sales price the three per cent. federal tax (payable by the manufacturer) on automobile trucks and automobile wagons prescribed by the Revenue act of 1918, which tax the treasury department in 1920 rules applied to fire engines, but which ruling was reversed five years later, in 1925, by the Federal Court of Appeals for the Second Circuit, and the taxes theretofore paid by the defendant company were thereupon refunded it by the treasury department.

A mere statement of the point involved would seem to indicate its solution. If there had been no tax prescribed the plaintiff salesman's commissions under his written contract with the defendant manufacturer would have been larger by the exact amount he now sues for. As a matter of fact, as it turned out when the decision of the United States Circuit Court was handed down, there was not and had never been any such tax legally imposed. The defendant, therefore, ultimately received for the engines sold for it by the plaintiff a price larger by three per cent. than the price upon which it had paid the stipulated percentage commission to its salesman. Of course, as a matter of law under the written contract, the plaintiff is entitled to recover his commission on this portion of the sales price upon which he had not been paid.

It is suggested that the amount of the tax in question was in fact contributed by the customers who bought the fire engines, because defendant always added the tax to the price of the engines in billing them to customers. We think this fact, standing alone, is immaterial. If it had been coupled with proof that such customers had, by legal action, on this theory and upon proof substantiating it, compelled the defendant to return to them the refunded tax it had received from the treasury department, the suggestion would wear a very different aspect. As the case now stands, however, the defendant has been paid a price for its engines larger than that upon which it paid the salesman's commission, and, consequently, as the commission contract called for a stipulated percentage commission on the full amount of the sales price, the defendant still owes the commission on the difference in price resulting from the refund of this tax.

It is also urged that there is a distinction between the arrearages of commission under the first contract and those under the second and third contracts which the plaintiff had with the defendant. The first contract, which was entered into before the passage of the Federal Tax act, made no mention of the tax, and upon the passage of the Tax act the tax was deducted by the defendant company, over the protest of the plaintiff, in making commission payments under

that contract. The subsequent contracts, however, one beginning January 21st, 1923, superseded by another in March, 1924, both provided for the payment of the stipulated rate of commission on the amount of all sales made by the salesman "after war tax is deducted." It is admitted that the term "war tax" as here used referred to the three per cent. tax above mentioned. The defendant company paid the taxes in question under protest and filed a claim for refund thereof which, after the decision above mentioned, was duly honored and the money so paid, returned. We are unable to see that the clause in the second and third contracts "after war tax is deducted" made any difference under the circumstances here involved. It is quite evident that the plaintiff did not agree to the deduction of anything which was not a legally imposed tax, and it is equally evident that, although doubtless from precautionary motives the defendant deducted the amount which it paid as a tax in making its commission payments to the plaintiff, it, nevertheless, at all times protested against the legality of the tax and claimed its return. If the defendant was right, as it subsequently turned out it was, in its protest and claim for refund, the payment of the tax by the defendant was in effect a temporary contribution to be ultimately returned, of money, part of which was the property of the defendant, and part of which, representing his stipulated commission thereon, was the property of the plaintiff. This view also sufficiently answers the suggestion that the payment was the result of a mistake of law on the part of both plaintiff and defendant, and that in consequence there could be no recovery based on such mistake.

For the reasons above stated the judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.